2022 IL App (1st) 210247-U

No. 1-21-0247

Order filed February 7, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 11 CR 5692 |
| JAMAAL CHARLES, | ) ) | Honorable Neera L. Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Hyman and Justice Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We grant the motion of defendant-appellant's appointed counsel to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) and affirm the circuit court's denial of defendant's petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)).

¶ 2     Defendant Jamaal Charles appeals from the circuit court's denial of his *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)).

¶ 3    Following a jury trial, defendant was found guilty of the aggravated criminal sexual assault and aggravated kidnapping of R.G. and sentenced to two consecutive 22-year prison terms. On direct appeal, defendant argued that (1) the evidence did not establish he was armed with a firearm, (2) the court abused its discretion in allowing the State to introduce a prior conviction for aggravated unlawful use of a weapon, (3) trial counsel failed to properly challenge the introduction of the conviction, and (4) his sentences were excessive. We affirmed. *People v. Charles*, 2018 IL App (1st) 153625.

¶ 4    In 2019, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2018)), arguing that trial counsel failed to obtain phone records to impeach the State's witnesses and investigate certain evidence and witnesses. He also filed a motion for leave to file a supplemental petition arguing additional claims, which the circuit court subsequently construed as a motion for leave to file a successive postconviction petition. The circuit court summarily dismissed his petition, and denied leave to file the successive petition. We affirmed and granted appellate counsel's motion for leave to withdraw as counsel. *People v. Charles*, No. 1-20-0712 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 5    On August 12, 2020, defendant filed the instant *pro se* petition for relief from judgment. Relying on *People v. Bass*, 2019 IL App (1st) 160640 (affirmed in part and vacated in part by *People v. Bass*, 2021 IL 125434), defendant argued that the trial court erred in denying his motion

to quash arrest because his arrest was unconstitutionally premised on an investigative alert rather than a warrant supported by probable cause.[1]

¶ 6    On January 25, 2021, the circuit court denied defendant's petition. The court found that *Bass* was not retroactive on collateral review, other panels of the First District had rejected *Bass*, and the arresting officers acted in good faith and under justifiable exigent circumstances. Defendant appealed, and the Office of the State Appellate Defender was appointed to represent him.

¶ 7    Appointed counsel has filed a motion requesting leave to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and a memorandum in support thereof. Copies of counsel's motion and memorandum were mailed to defendant. Defendant was also informed that he may file with this court a written explanation of why he thinks there are meritorious issues in his appeal. Defendant has not responded.

¶ 8    Pursuant to *Finley*, we have carefully examined the record, counsel's motion, and the memorandum. We agree with counsel and conclude that there are no issues of arguable merit on appeal.

¶ 9    We note that our conclusion should not be read to mean we condone the use of a police-generated investigative alert, rather than a judicially issued warrant, to arrest defendant. In 2012, Presiding Justice Salone and Justice Neville noted their research "failed to find a constitutional or statutory provision that authorizes the creation or issuance of an investigative alert." *People v. Hyland*, 2012 IL App (1st) 110966, ¶ 40 (Salone, P.J., specially concurring, joined by Neville, J.).

---

[1] After the defendant's petition was filed, our supreme court vacated (but did not overrule) the portion of this court's opinion in *Bass* that held investigative alerts unconstitutional. *People v. Bass*, 2021 IL 125434, ¶ 31.

In 2020, the undersigned Justice noted that there was still no such authority. *People v. Thornton*, 2020 IL App (1st), 170753, ¶ 72 (Pucinski, J., specially concurring.) The same is true today. Although our supreme court has not addressed the topic, we see no basis for the constitutionality of investigative alerts, at least in circumstances where an arrest warrant can be obtained.

¶ 10    Our state constitution contemplates that an arrest warrant shall issue after an "affidavit" is submitted to a neutral magistrate for a determination of probable cause. Ill. Const. 1970, art. I, § 6 ("No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized.") An investigative alert circumvents the role of a magistrate, as it allows for an arrest based on a probable cause determination made by the Chicago police, rather than a neutral judge. See *People v. McGurn*, 341 Ill. 632 (1930) (an arrest cannot be solely based on a "standing order" from a superior officer, as "under the constitution of this state no municipality has authority to clothe any officer with the autocratic power to order the summary arrest and incarceration of any citizen without warrant or process of law").

¶ 11    The undersigned Justice has previously expressed that an investigative alert could be appropriate "when there is probable cause that a suspect has committed a crime and may commit further crimes in the immediate future or is a known flight risk, but that should only be a temporary fix, say, 24 or 48 hours as a maximum." *People v. Pulliam*, 1-20-0658-U, ¶ 14 (Pucinski, J., concurring). In this case, the record reflects that over one month passed between the issuance of the investigative alert and defendant's arrest. There is no apparent reason why the police could not have sought an arrest warrant from a judge during that period.

¶ 12    Despite the questionable legality of the investigative alert in this case, we nevertheless do not believe it constitutes a meritorious ground for appeal, since the record does not reflect that the police had reason to believe that their conduct was unlawful. Where the "good-faith exception to the exclusionary rule" applies, even evidence illegally obtained will not be suppressed. *People v. LeFlore*, 2015 IL 116799, ¶ 17. That is, the fruits of an unlawful arrest will not be suppressed where, under a "general good-faith analysis, the police conduct in relying on the legal landscape that existed at the time was objectively reasonable and a reasonable officer had no reason to suspect that his conduct was wrongful under the circumstances." *Id.* ¶ 31.

¶ 13    In this case, the record reflects that there was probable cause for defendant's arrest when police issued the investigative alert, since a sexual assault kit collected from R.G. resulted in a DNA association with defendant, and R.G. had identified a photograph of defendant as the person who sexually assaulted her at gunpoint. Moreover, at the time of defendant's arrest in 2011 there were no decisions from this court addressing the constitutionality of an investigative alert, and our supreme court has never addressed the topic. See *People v. Bass*, 2021 IL 125434, ¶ 62. (Neville, J., concurring in part and dissenting in part) (noting that the supreme court's decision not to discuss investigative alerts "deprives the Chicago Police Department of crucial authoritative guidance on the procedures to follow under the Illinois Constitution when making warrantless arrests.").

¶ 14    In turn, the facts and legal landscape was such that the police officers' decision to use an investigative alert was objectively reasonable, implicating the good-faith exception to the exclusionary rule. Thus, suppression of evidence from defendant's arrest was not warranted, regardless of the legality of the investigative alert.

¶ 15    We, therefore, grant counsel's motion for leave to withdraw as appointed counsel on appeal and affirm the circuit court's dismissal of defendant's section 2-1401 petition.

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17    Affirmed.